## William Stacey v. The State.

### No. 4001. Decided December 2, 1908.

**Polluting Water Course—Want of Criminal Intent.**

Where upon trial of unlawfully polluting and obstructing a certain water course, the evidence showed that the defendant placed certain dams across certain bayous upon his own land which resulted in an incidental rise of water upon the land of other people, leaving an offensive smell after the water receded, and there was a total lack of criminal intent on the part of the defendant, the conviction could not be sustained.

Appeal from the County Court of Liberty. Tried below before the Honorable I. B. Simmons.

Appeal from a conviction of unlawfully polluting a water course, etc.; penalty, a fine of $50.

The opinion states the case.

*Marshall & Marshall* and *Stevens & Pickett,* for appellant.— Toyaho Creek Irr. Co. v. Hutchins, 21 Texas Civ. App., 282; Barrett v. Metcalfe, 12 Texas Civ. App., 247; Landin v. State, 10 Texas Crim. App., 63; Brown v. State, 43 Texas, 478; Ferrell v. State, 43 Texas, 503; Waddell v. State, 37 Texas, 354.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—The charging part of the information in this case is as follows: "On or about the 3rd day of June, A. D. 1907, and anterior to the filing of this complaint in the County of Liberty and State of Texas, one Wm. Stacey, did then and there unlawfully pollute and obstruct a certain water course, marsh and gully, to wit: one prong of Whites Bayou; and the head waters of Ben's Big Marsh, by then and there erecting and building a dam of wood and earth in and across said Whites Bayou, and by erecting and building a dam of wood and earth in and across the headwaters of Ben's Big Marsh, and did then and there unlawfully continue said pollution and obstructions so as to render the same unwholesome and offensive to the inhabitants of such neighborhood thereabout." Upon the above information appellant was convicted and his punishment assessed at a fine of $50.

The facts, in substance, show that appellant placed dams of wood and earth across bayous upon his own land and the result was an incidental rise of water upon the land of other people. After the water would recede from said land it produced an offensive smell to one crossing said land. The facts show no such intent on the part of appellant, but this was merely an incident of the fact of having built the dams. The facts show that appellant built the dams for the purpose of irrigating his land, a legitimate and peaceful industry. We hold that said facts do not constitute a basis for a criminal prosecution, since there is a total lack of criminal intent. If appellant's dam incidentally damaged the land of others this is a matter to be settled by the Civil Courts of this State, and criminal process of this State can not be resorted to in lieu of a civil suit. We accordingly hold the evidence is totally insufficient to sustain a criminal prosecution and the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*